YELVERTON, Judge,
concurring.
I concur. The finding of fadt of the Board of Review that the claimants were replaced by their employer before a picket line was established and that therefore, they were not disqualified from benefits as a result of a labor dispute, is a fact supported by sufficient evidence. While I am not sure that what the employer did could be called a lockout, the effect as to the claimants was the same, and National *484 Gypsum Co. v. Administrator, Dept. of Employment Security, 313 So.2d 230 (La.1975), appeal dismissed, 423 U.S. 1009, 96 S.Ct. 439, 46 L.Ed.2d 381 (1975), applies. Applying that case to our present facts, when the claimants were replaced a labor dispute was not in active progress, insofar as disqualification for unemployment benefits was concerned, because the employees were exercising their legal right through peaceful negotiations to bargain, and therefore, their unemployment due to the replacement by their employer was not caused by a labor dispute which was in active progress. For purposes of R.S. 23:1601(4), the labor dispute (the strike) did not start until after the claimants were replaced, and, accordingly, they were not disqualified from benefits.